The next and final case is number 21-1928 Sheppard v. McDonough. Okay, Ms. Hoffman, you can begin. May it please the Court, my name is Megan Hoffman and I represent William Sheppard. The VA claim system is pro-veteran and non-adversarial. Most veterans, including Mr. Sheppard, are not represented by attorneys when they're making their claims. So the system has some safeguards for them. And one of those is that when the Board wants to dismiss a case because of jurisdiction, it has to give a veteran notice and an opportunity to be heard on that jurisdiction. Veterans whose claims are closed can reopen them with new and material evidence. And according to both statute and law from this Court, new and material evidence is jurisdictional. So Section 20.101B offers protections to veterans whose claims could be dismissed for jurisdiction. And that includes request to reopen because that's a jurisdictional question for the Board of Veterans Appeals. But the Board never notified Mr. Sheppard of the possible jurisdictional defect it saw in his case. It dismissed his case. It didn't give him notice and an opportunity to be heard. And the Veterans Court then held that what the Board did was correct, and the regulation did not apply to request to reopen. So that was wrong for two main reasons. The first is that the regulation's plain language is unambiguous. It applies to all jurisdictional issues. And the second is that the Board unfairly surprised Mr. Sheppard with the jurisdictional issue, and then it denied him a merits review of the evidence. Because of the Veterans Court's holding, Mr. Sheppard did not get the one appeal on the merits the law guarantees him. The plain language applies to request to reopen for new and material evidence. It is not ambiguous. It requires the Board to give notice and a chance to be heard before it dismisses for lack of jurisdiction. And the Board didn't do that. It denied Mr. Sheppard's request to reopen and dismissed the case without giving him a chance to tell the Court how the evidence he had already submitted was new and material. And then the Veterans Court ignored the regulation's plain language. The Veterans Court held the regulation did not apply to request to reopen because those claimants are aware from the start that new and material evidence is an issue. And because of that, it said the Board didn't raise the jurisdictional issue on its own, and therefore the regulation's notice requirements didn't apply. But the Veterans Court was wrong. The Board did raise the jurisdictional issue because the AOJ had already reopened the claim. So Mr. Sheppard believed the issue was settled, and Mr. Sheppard was appealing on the merits. Okay, what about the Board's harmless error holding? Even if you assume that in this situation there should have been notice, how was the Veteran harmed by that? He was given the opportunity for a hearing before the Board. He declined the hearing. You've not, in your brief, indicated any evidence that he would have submitted in response to the issue of reopening at the Board. How can it be that there's not a harmless error criterion that's applicable in this context? Yes, Your Honor. First off, the Veterans Court's harmless error analysis was unlawful because it assumed the evidence that wasn't there. And the evidence that wasn't there was what Mr. Sheppard would have been able to argue. On the issue of new and material evidence- I don't understand what you're saying. On harmless error, you, as the person arguing for a reversal, have the obligation to establish harmful error. And the Board found that there was no showing of harmful error. What's wrong with that? So, I want to go back to the second part of the question that you just asked me, which is that there was no evidence, or that no one had ever pointed to any evidence, that Mr. Sheppard had submitted that was new and material. That's actually incorrect. On pages 9-14, or possibly 10-14 of his brief, he points to- his counsel at that time cited to, you know, pages and pages and pages of records which would have established a nexus, and therefore service connection, for both of the claims that were on appeal at the Board. So, that's factually incorrect. And then the second thing is that the Veterans Court is prohibited from guessing at the evidence that Mr. Sheppard would have provided, or the argument that he would have provided on his behalf, if he knew that he was actually arguing for new and material evidence, for reopening based on that, instead of service connection on the merits. But you didn't tell the Veterans Court, or give any kind of indication to the Veterans Court, of what evidence could have been offered, and therefore that that's what makes the error harmful. It's not that you didn't offer it at the Board, but when you argue error to the Veterans Court, you can't just argue error, you have to show how it was harmful. That burden remains on you, and the Veterans Court found that you didn't meet it. I mean, we don't even have jurisdiction to review the factual question of whether there was harmless error, right? Very true, Your Honor, and in this court, that's certainly not what we're asking here. So, to go back to what happened at the Veterans Court, Mr. Sheppard did submit evidence, and he did point to evidence that was new and material. Okay, but where's the legal error by the Veterans Court in finding that this was not prejudicial, that it was harmless error? Where's the legal error in that? Your Honor, the legal error is that Mr. Sheppard wasn't, is that the Veterans Court did not give him the opportunity, and therefore it assumed the evidence that he would have submitted in his behalf if he knew that he was arguing for new and material evidence for reopening based on that. And so, according to Sullivan v. McDonald, which is this court's case, the Veterans Court can't engage in that kind of improper appellate fact-finding. It's simply not something that it can do, and there's a long line of cases to include McGee, Moore, and Sullivan. That's sort of the trifecta for the proposition that that's something that the Veterans Court cannot do. It cannot assume the evidence that the veteran would have produced or the argument that he would have produced as the person who is in the best position to tell the court about his case. And so, that's the harmful error, and it's the same harmful error that Judge Bartley, down at the Veterans Court, identified in her dissent. Your Honor, the Veterans Court ignored the regulation's plain language, and it held that 20.101D's protections did not apply to request reopening because claimants are aware from the start that new and material evidence is an issue. Because of that, it said, the board didn't raise the jurisdictional issue on its own, and the regulation's notice requirements didn't apply. But that is wrong. The board did raise the jurisdictional issue because the AOJ had already reopened the claim. The board's dismissal unfairly surprised and prejudiced Mr. Shepard. He thought he was litigating his right to service connection, not whether he had submitted new and material evidence. He thought that because his case was open, the board would give his case a full review, which includes thousands of pages of documents and evidence that he had submitted on appeal, and since he had first gotten a rating decision from the VA. So, it deprived him, that error deprived him of the de novo review he would have gotten if the board had not dismissed for lack of new and material evidence. And once again, the Veterans Court assumed the evidence Mr. Shepard would have submitted on his behalf. It cannot do that. And it denied him the further case development he would have gotten. He would have benefited from the duty to assist. Once his case was reopened for new and material evidence, the duty to assist applies. And so, he would have gotten a full review of his evidence, and he also very likely would have gotten a new medical examination, which, for his mental health condition, he still has never had one. Veterans are entitled to Section 20.101D's protections before their cases are dismissed for jurisdictional issues. And the Veterans Court was incorrect when it said that this regulation does not apply to requests reopened. This court should hold that Section 20.101D applies to board dismissals for lack of new and material evidence. It should remand this case back to the board to give Mr. Shepard his opportunity to provide evidence proving the board's jurisdiction. And pending further questions from the court, I'll reserve the rest of my time. Okay. Thank you, Ms. Hoffman. We'll hear from Mrs. Sinani. Good afternoon, Your Honors. May it please the Court. I will begin with the harmless error issue first. Under the circumstances of this case, even if the Veterans Court incorrectly determined that Section 20.101D of Title 38 of the Federal Code of Regulations did not apply to Mr. Shepard's case, the Court would nevertheless need to affirm the Federal Court's decision based on its prejudicial error findings. First of all, the Court applied the correct legal standard with respect to harmless error. Mr. Shepard has not demonstrated why the Court's analysis there was wrong. Pursuant to the Supreme Court decision in Sanders, the harmless error analysis involves a case-specific application of judgment based on examination of the record. And that is what the Veterans Court did. The Court examined the record and it noted that Mr. Shepard had not identified in either his initial or replied brief to the Veterans Court any evidence that he would have submitted. And the Veterans Court also had noted that Mr. Shepard had expressed to the Board his intent to quote, not try and submit or not try and provide any new information, unquote, on his claims. The Supreme Court in Sanders has instructed that these are the exact types of issues that the Court should evaluate in a harmless error analysis. Mr. Shepard's counsel just stated that he had provided or he had pointed to new and material evidence that he would have submitted. That information is not included in his briefing. In his reply brief, Mr. Shepard points to evidence already on the record and asserts that the Board, had it considered his claim on the merits, would have reached a decision, the conclusion, that his disabilities were service-connected. If we look at pages 34 and 35 of the appendix, the Board did just that. It looked at the evidence that was presented when the initial claim was first denied and all the evidence since then and concluded that service-connection still was not established and new and material evidence was not submitted. Although Mr. Shepard may continue to assert without any real specifics that he would have done something differently, there is no legal error in the Veterans Court examining all the relevant facts and concluding otherwise. In fact, this Court lacks jurisdiction to review the Veterans Court's application of law to the facts of the case. So, on that basis, the Court should affirm the Veterans Court's decision. I also wanted to point out that Mr. Shepard's counsel mentioned a few cases that I believe pertain to footnote 44 in the reply brief. None of those cases, however, address the issue of harmless error and therefore they are ineligible. Additionally, the Veterans Court also properly determined that Section 20.101D did not apply to the circumstances of Mr. Shepard's case when he was trying to reopen his claim. I would agree, wouldn't you, that there can be circumstances in which this regulation would be violated by switching from a decision to reopen to a decision that there shouldn't have been any reopening in the first place. For example, if the decision to reopen involved a controversy about whether evidence was new or not, the veteran, having received a decision from the RO that the evidence was in fact new, wouldn't, before the Board, have information that he should continue to argue the newness of the evidence when he's arguing the merits of service connection. Those are two distinct issues. So, you could have circumstances under which the failure to advise him of the jurisdictional issue would be prejudicial, correct? Your Honor, we submit that the plain language... Wait, wait, wait, no, no, no, no. Please answer my question. Your Honor, our position is that no, not in those circumstances. No? That is... Why not? That is based on the language of the regulation, the illustrative examples provided therein, the regulatory context, as well as... Wait a second. It would be completely unfair in that circumstance to have the Board say on its own that we're refusing to reopen because the evidence is not new, without giving him the opportunity to argue that it was new. Your Honor, that is precisely that those are the circumstances that were presented in this Court's decision in Jackson. No, it was not the circumstances of Jackson. That's exactly why I'm asking you about the hypothetical. It's a dispute about whether evidence is new or not, which is not the same as whether there was service connection. Correct, Your Honor. The entirety of the analysis of whether new and material evidence was submitted... Of course, whether new evidence was submitted is a sub-part of that analysis. The Board would also determine whether the evidence is material. And understandably, there's overlap between that analysis and whether service connection was established. The Court has... But newness is not an aspect of service connection. Once you reopen, newness is not being argued anymore. So, if the Board is going to go on newness, isn't it fair that the veteran should have notice of that and the opportunity to put in additional evidence on the newness issue? Under the regulation, as we read it based on the language and the context, that is not the interpretation that we take, Your Honor. You may have a problem with that interpretation in some future case. This Court in Sims v. Chinesky 578 F3D 1332, this is not a case that we cited in our brief, but I alerted Ms. Hoffman in advance that I might bring it up. The Court stated that although the question of whether there is new and material evidence to reopen the claim and the question of whether upon reopening, the claimant is entitled to the requested benefits are distinct. They are components of a single claim, which are clearly within the Board's jurisdiction. And elsewhere, the Board has held that the Board is an agent of the Department of Veterans Affairs and it has the final authority to adjudicate the claim. So regardless of what the regional office did below, the Board has that responsibility to reassess whether new material evidence is admitted. That's absolutely true, but that does not bear on whether the veteran should have notice that the newness of the evidence is an issue. An issue which in my hypothetical, he thought was resolved at the RO. And if it's going to be an issue at the Board level, it seems as though the regulation says he should have notice of that. The regulation states when the Board on its own initiative decides that there is a jurisdictional defect... Can I just... Why isn't that precisely the hypothetical here? That the issue has been fully resolved of whether it's new or not. You don't need to readdress new to resolve whether the evidence shows service connection. And so that, to the extent the Board raises it, it is on its own initiative. There was no reason to re-raise it because a claim has been reopened and all you're looking at is service connection. That's not the facts here. I mean, even if we get to any of this, because of the harmless error analysis. But you wrote the regulation that gives these people the opportunity to do it. So if that's what you wrote, they get it. I don't understand why you're finding this hypothetical. It doesn't seem like... I know you don't want to explode the whole universe of what they get notice on. But this doesn't... And when it's a question that's duplicated at the opening and merit stage, it seems like you have a better argument. But if it's a question that has no relation to the ultimate merits and service connection at the end, why wouldn't you have to give the veteran notice under your regulation? Again, the language and the regulatory history demonstrate that the regulation applies in circumstances where there are jurisdictions... Here's the real problem. I get it. Here's the real problem I see with your position on this is I think you wrote a really broad regulation and you didn't intend to cover it because you have all these examples. But if you want it to be more limited than it is, you need to change the regulation. Because on its face, it doesn't seem like it would cover this new issue. Or that it would cover this new issue. That you would have to give them notice. Maybe that's not what the Secretary intended, if you look at it in the context of the regulatory history. But if you look at the plain language of the regulation, it seems like it covers it. The examples are illustrative of what circumstances are to be considered. Based on the examples provided... You're not arguing, are you, for any kind of hour deference or anything like that here. We've got a regulation that's pretty broad and pretty plain on its face. If we determine that it's not ambiguous and that it plainly says when it's a jurisdictional issue that at least it's not overlapping with merits, whatever we decided, that regulation applies. The fact that you may not have intended it to apply through these examples doesn't overcome the plain language, does it? We are not arguing hour deference here, Your Honor. We believe that the plain language and the regulatory context does not cover the situation here. Unless the Court has any other questions, for the reasons addressed here today and those addressed in our brief, we respectfully request that the Court affirm the Veterans' Court's decision. Thank you. Thank you, Ms. Sononi. Ms. Hoffman? Thank you, Your Honor. Your Honor, I like the hypothetical that you just gave opposing counsel. We agree that the veteran should be able to have notice of a problem with the nudist of his evidence, and that's exactly what happened here. Mr. Shepard thought that he was going to be litigating service connection and instead he was hit, you know, sort of ambushed by the issue of the nudist of his evidence and the Board's dismissal for this jurisdictional issue. And once again, Your Honor, you're also absolutely right. This is a very broad regulation, and the VA has had every opportunity to amend it. It's been in place for at least 20 years, far after Jackson was decided. I'd also take issue with what the opposing counsel said with regard to the examples that the regulation lists, which are, you know, talk about notice of disagreement or a problem with a substantive appeal on VA 49. One is that the regulation is those examples. The regulation says that these are examples, that this is not an exhaustive list, which is something that the Veterans Court sort of skipped right over. And then the second part of that is that if you want to look at the regulatory history of what the VA was intending, it actually references a case called Barnett v. Brown that talks about nude material evidence as a jurisdictional issue. So there's no universe in which this regulation doesn't apply to this case and to a case in which an appellate like Mr. Shepard is surprised by the nudist of evidence. And all that we're asking is that this court hold the VA to what it said it was going to do for veterans like him who are usually unrepresented. On the subject of harmless error, we would ask that this court reaffirm its holding in Sullivan, that the Veterans Court cannot guess at the evidence that an appellate would have provided to the court or the argument that he would have provided to the court, which would show the court in this instance why his evidence was nude material. And once again, I want to draw the court's attention to the fact that Mr. Shepard did in fact submit evidence or did in fact point to the nude material evidence in his brief to the Veterans Court. The problem is that the Veterans Court did not take due account of that evidence under Section 7261. Don't you have a jurisdictional problem there? If you're arguing that the evidence that they should have looked at was in the record and the Veterans Court looked at that record evidence and said, we don't think that establishes harmful error, then that's an application of the harmless error standard to the facts of the case. And even if they were wrong, that's not something we review, right? Your Honor, I don't agree that that's what happened here. So if you look at appendix 11, here's what the Veterans Court said. It said, in addition, at the very top of the page, it said, in addition, Mr. Shepard has identified no newly submitted evidence that shows nexus. And then the court cited to some pages where in fact Mr. Shepard did not cite anything with regard to nexus. It cited pages 4 to 9 and 1 to 3. But actually the discussion of his new material evidence and why it should nexus was on pages 9 to 14. And we don't think that that's a fact finding. We think that that's simply the Veterans Court's error. That's a fact. On your theory, that's a factual error nonetheless, right? Which we don't have jurisdiction to review. No, Your Honor. I disagree with that because it's not the – it's not that factual error didn't actually – it didn't bear on what happened at the board. So it wasn't the veterans' analysis of any sort of proceedings at the board. And when they did it, you know, once they – so they missed that evidence, and in doing so, they didn't take due notice of all the arguments that Mr. Shepard made. And as a result, they violated Section 7261B2. And that is a legal error. That is not a factual error. So, you know, to the extent that the Veterans Court missed an entire argument that Mr. Shepard made or missed entire pieces of evidence that he pointed to, we disagree that that's a factual error. That's a legal error under 7261B2. So I'm almost out of time. We would ask that this court reaffirm its holding of Sullivan. We would ask that this court does not allow the Veterans Court to guess at the evidence that Mr. Shepard would have presented if he was given the opportunity that he was due under the regulation. We ask that this court reverse the Veterans Court and remand for Mr. Shepard to be given the proper notice and opportunity to submit evidence and argument before his case is dismissed. Thank you very much. Okay. Thank you, Michelle. Thank you for the questions. We thank both counsel. The case is submitted. That concludes our session for this morning.